Bowen, J.
Por the purpose of mitigating damages it was competent for the defendant, under the general issue, ty prove facts, •connected with the speaking of the words, which were from the nature of them, calculated to induce the belief, on his part, that the plaintiff’s was wife guilty of the impropriety imputed to her, provided such proof did not establish a justification. If an unmarried man and woman live alone in the same house, it may and very likely would raise an inference unfavorable to the latter’s chastity. It may induce a belief that adultery has been committed by her, while holding that relation. Still, however, it does not convict her of the act.. Such mode of living may be entirely innocent and proper, adopted and continued for the most upright purpose. The whole reason for the rule for admitting such evidence, is to relieve the defendant from the consequences which attach to malice, in the ■speaking of the words. He may show particular acts of the plaintiff which, unexplained, gave him just reason to believe in the truth 519] of the declarations which he uttered; but *whon explained :and understood, mav be found to be compatible with the plaintiff’s *520 innocence. It is permitted upon the ground that the proof, when introduced, may serve to show that the defendant, in making the charge, was mistaken — that he misconstrued the act or conduct of the party, by supposing it to be criminal, while, in fact, it was not. When the testimony can have no other effect than to make apparent the plaintiff’s guilt, and prove the truth of the words spoken, its introduction to the jury must necessarily tend to justify the speaking, and not to mitigate damages, by showing the absence of malice. To be competent for the former purpose, the facts relied on must be plead specially, and can not be given in evidence under the general issue. Such is the rule in Wilson v. Apple, 3 Ohio, 270; DeWitt v. Greenfield, 5 Ohio, 225; Haywood v. Foster, 16 Ohio, 88. The fact which the defendant offered to prove, was erroneously excluded from the jury.
The evidence having been improperly rejected by the court below, was the error cured by the offer of the plaintiffs, wh’ile the witness was on cross-examination, to go into the inquiry which the defendant’s question proposed ?
: The error of the court consisted in ruling against the competency of the evidence. The consent of the party in whose favor the ruling was made, afterward to admit the evidence, could not relieve the party from the effect of the erroneous decision of' the court. The jury would receive it with knowledge that the court had pronounced it incompetent, and it would go to them under the stamp of judicial disapproval. It can hardly be said, in such case, that the party would derive the same benefit from it that he would have done, had he been allowed to examine the witness, as of right, upon the subject, by the sanction of the judges. When the court had expressed its opinion that the evidence should not be considered by the jury, the latter would *scarcely give it any consideration, [520 when admitted by the mere favor of the other side.
The consent of the plaintiffs to go into the examination, which was proposed by the defendant, could not restore the latter to the same condition before the jury, that he would have sustained, if the court had permitted him, as of right, to make the inquiry of the witness.

Judgment reversed, and cause remanded.

Bartlet, C. J., and Scott, J., concurred.
*521 Swan, J., concurred as to the first point, but dissented as to the -second.